## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAVID POWERS and LARRY LONG,    )
    )
    Plaintiffs,    )
    )
    )    No.  02-4050
v.    )
    )
PARMALAT DAIRY AND BAKERY,    )
INC., an Italian corporation, d/b/a    )
GENERALHENRY BISCUIT CO.,    )
    )    JURY TRIAL DEMANDED.
    Defendant.    )

### COMPLAINT AND JURY DEMAND

**Count I/Retaliatory Discharge**

**David Powers v. Parmalat Dairy and Bakery Inc., an Italian corporation, d/b/a General Henry Biscuit Co.**

NOW COMES the plaintiff, DAVID POWERS, hereinafter "Powers," by and through his attorneys, WINTERS, BREWSTER. CROSBY & SCHAFER, complaining of the defendant, PARMALAT DAIRY AND BAKERY, INC., an Italian corporation, d/b/a GENERAL HENRY BISCUIT CO., hereinafter "Defendant," and states as follows·

1    **Jurisdiction** is proper pursuant to 28 USC §1332 as this is a civil action where the matter in controversy exceeds the sum of $75.000 00. exclusive of interest. and there is complete diversity

2    **Venue** for this cause lies in the Southern District of Illinois under 28 U S.C. §1391(b) because Defendant has a place of business within the geographic boundaries of the Southern District of Illinois and events and omissions giving rise to this cause of action occurred within the Southern District of Illinois

benefits associated with his employment, and has suffered great mental anguish, embarrassment and emotional distress associated with the loss of employment and search for a new job

11      Defendant's conduct in so discharging Plaintiff was part of a general policy of retaliation

12.     The action by Defendant was wilful, intentional, and malicious, and Long is entitled to punitive damages

WHEREFORE, Plaintiff, LARRY LONG, requests this court to enter a judgment against Defendant, PARMALAT DAIRY AND BAKERY, INC., an Italian corporation, d/b/a GENERAL HENRY BISCUIT CO , for an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000 00), for compensatory damages, punitive damages, and for costs of suit and such other relief as the court may deem appropriate

**PLAINTIFF DEMANDS TRIAL BY JURY**

WINTERS, BREWSTER, CROSBY & SCHAFER

BY _____
        Jay Schafer
        Attorney for Plaintiffs
        ARDC No  06226013


WINTERS, BREWSTER, CROSBY & SCHAFER
Attorneys at Law
111 West Main, P.O  Box 700
Marion, IL   62959
Phone  (618) 997-5611
Fax.  (618) 997-6522

5

12    The action by Defendant was wilful, intentional, and malicious, and Powers is entitled to punitive damages

WHEREFORE, Plaintiff, DAVID POWERS, requests this court to enter a judgment against Defendant, PARMALAT DAIRY AND BAKERY, INC , an Italian corporation, d/b/a GENERAL HENRY BISCUIT CO., for an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000 00), for compensatory damages, punitive damages, and for costs of suit and such other relief as the court may deem appropriate

**PLAINTIFF DEMANDS TRIAL BY JURY**

WINTERS, BREWSTER, CROSBY & SCHAFER

BY
Jay Schafer
Attorney for Plaintiffs
ARDC No 06226013


**<u>Count II/Retaliatory Discharge</u>**

**<u>Larry Long v. Parmalat Dairy and Bakery Inc., an Italian corporation,</u>**
**<u>d/b/a General Henry Biscuit Co.</u>**

NOW COMES the plaintiff, LARRY LONG, hereinafter "Long," by and through his attorneys, WINTERS, BREWSTER, CROSBY & SCHAFER complaining of the defendant, PARMALAT DAIRY AND BAKERY, INC , an Italian corporation, d/b/a GENERAL HENRY BISCUIT CO , hereinafter "Defendant," and states as follows

1    **Jurisdiction** is proper pursuant to 28 USC §1332 as this is a civil action where the matter in controversy exceeds the sum of $75,000 00, exclusive of interest, and there is complete diversity.

3

2      **Venue** for this cause lies in the Southern District of Illinois under 28 U.S C §1391(b) because Defendant has a place of business within the geographic boundaries of the Southern District of Illinois and events and omissions giving rise to this cause of action occurred within the Southern District of Illinois

3      Upon information and belief, Defendant is an Italian corporation with its principal place of business in Winnipeg Manitoba and Wallingon, New Jersey, engaged in business in Perry County, Illinois, doing business as General Henry Biscuit Co

4      Upon information and belief, Defendant is an Italian corporation engaged in business in Illinois, doing business as General Henry Biscuit Co . and its business office is located in Perry County, DuQuoin, Illinois.

5.     Long was employed by Defendant at all times relevant herein.

6.     On or around October 10, 2000, while in the course and scope of his employment, Long received personal injuries while engaged in work activities during his employment at Defendant's plant in DuQuoin, Illinois

7.     Long did seek medical care and exercised other rights, including filing a worker's compensation claim with the Illinois Industrial Commission under the Illinois Worker's Compensation Act prior to his discharge.

8.     On or around January 25, 2001, Long was fired by Defendant.

9      Long's dismissal by the Defendant was in retaliation for the exercise of his rights under the Worker's Compensation Act, contrary to the public policy of the State of Illinois as set forth in 820 ILCS 305/1, et seq

10     Long has been damaged by the retaliatory dismissal by the Defendant in that he has lost wages, incurred expenses and costs in seeking alternative employment, lost rights and other

4

3.    Upon information and belief, Defendant is an Italian corporation with its principal place of business in Winnipeg Manitoba and Wallingon, New Jersey, engaged in business in Perry County, Illinois, doing business as General Henry Biscuit Co.

4.    Powers was employed by Defendant at all times referenced herein

5    In or around October 26, 2000, Powers, while in the course and scope of his employment, suffered a work related injury/illness while engaged in work activities during his employment at Defendant's plant in DuQuoin, Illinois

6    Powers did seek medical care and exercised his rights under the Illinois Worker's Compensation Act and made a formal complaint with the Occupational Safety and Health Administration (OSHA) prior to his discharge.

7.    OSHA conducted an inspection of Defendant's facility on January 19, 2001 which resulted in various violations and penalties imposed on Defendant.

8    On or around January 26, 2001, Powers was fired by Defendant

9.    Powers's dismissal by the Defendant was in retaliation for the exercise of his rights under the Worker's Compensation Act and Occupational Disease Act and the U.S. Department of Labor, Occupational Safety and Health Administration, contrary to the public policy of the State of Illinois as set forth in both 820 ILCS 305/1, et seq and 29 U.S.C A 660 respectively.

10.    Powers has been damaged by the retaliatory dismissal by the Defendant in that he has lost wages, incurred expenses and costs in seeking alternative employment, lost rights and other benefits associated with his employment, and has suffered great mental anguish, embarrassment and emotional distress associated with the loss of employment and search for a new job.

11.    Defendant's conduct in so discharging Plaintiff was part of a general policy of retaliation

2